# THE
# CRIMINAL RECORDER.

The People *vs.* Eugene Ferran. *Assault and Battery.*

THE defendant, a foreigner, was charged with committing a violent assault and battery upon Henry Frost, on the 15th day of July, 1822. The prosecutor, who is an officer, came to the house of the defendant to execute a warrant upon him; upon its being executed, Frost told him he had it, and that he must go along with him; the defendant refused, and wanted to know for what cause he had a warrant against him. Frost refused to tell him, but insisted that he must go with him: from words they came to blows, the prisoner striking first; the prisoner was somewhat bruised, and his clothes much torn; he was taken to the police office, and bound over to answer, &c.

*Price,* counsel for Ferran, offered to show that the warrant was *barbarously* executed. That the prosecutor made use of much greater force than was necessary, and that consequently became a trespasser *abinitio,* and that the defendant had a right to defend himself in such a circumstance, as well against Frost as against any other person who forcibly entered his house.

*Maxwell, District Attorney,* replied that he took the law to be otherwise; but that, at all events, he thought the officer justified; for it appeared that he received the first blow, and that in such a case, it was his duty to use such force, as to compel a compliance with the commands of the warrant.

NEW-YORK.
Nov. 1822.

The People
*vs.*
Eugene Ferran.

Upon an indictment for assault and battery committed upon an officer executing a warrant, if it appears the officer was first stricken, the Court will not travel out of the record to inquire, whether the warrant was "barbarously executed." The inquiry would be proper to fix the penalty on conviction.

NEW-YORK.
Nov. 1822.

The People
*vs.*
J. M'Murray

*By the Court.*—" We have looked at the warrant, and " find it legal, and a proper return has been made to it ; " so far it is regular ; we cannot go out of the record to " inquire how it was executed : this inquiry might be made " in reference to the penalty, if the jury should find the " prisoner guilty. It was the process of another court, for " a different cause of action : this is a trial for an assault · " and battery, that has grown out of circumstances that did " not exist when the process was issued. Let the trial pro- " ceed."

The jury found the defendant guilty.